UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Naketia Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23 C 5165 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| FirstKeyHomes LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant FirstKeyHomes LLC's motion to dismiss Plaintiff Naketia Johnson's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 24.) For the reasons stated below, Defendant's motion is granted in part and denied in part, and the Court will give Johnson another opportunity to amend her complaint. [24]

## **BACKGROUND**

The Court takes the below facts from the well-pleaded allegations in Johnson's complaint, which are accepted as true for purposes of Defendant's motion to dismiss. *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).

On April 9, 2023, Johnson and Defendant entered into a lease agreement allowing Johnson to rent a home from Defendant. On May 15, 2023, Johnson issued two checks to Defendant totaling approximately $3,234, which Defendant deposited. Defendant scheduled a move-in date for Johnson on May 17, 2023. On May 17, 2023, Johnson contacted the Customer Care Department at Defendant, which provided Johnson with a keycode to enter the home. Johnson entered the home on the morning of May 17, 2023, using this access code and informing Defendant that she had taken possession at 4:32 PM. At 4:36 PM, four minutes after Johnson took possession, Defendant attempted to cancel the lease. Defendant informed Johnson "that the lease was being canceled based on reasons that were allegedly related to [Johnson's] race and income." (ECF No. 23 at p. 8.) On May 19, 2023, Defendant began to show the home as a rental property to other parties. At some point in time, Defendant told Johnson that it repudiated the lease because it had not yet received a village rental certificate. On April 11, 2023, Johnson had paid Defendant for the first month of rent under her lease. To date, Defendant has not refunded Johnson for any of her payments. At some point, Defendant initiated eviction proceedings against Johnson.

Johnson alleges that this conduct violated federal fair housing laws and the Illinois Human Rights Act ("IHRA") and constituted wrongful eviction, abuse of process, and fraud. Defendant now moves to dismiss this complaint under Rules 12(b)(1) and 12(b)(6).

**LEGAL STANDARD**

The Court construes Plaintiff's *pro se* complaint liberally and holds it to a less exacting standard than it would a pleading drafted by an attorney. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Further, in the first instance, courts generally dismiss a *pro se* plaintiff's complaint without prejudice. *See, e.g.*, *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Conway v. Colonial Penn Life Ins. Co.*, No. 3:22-CV-50230, 2023 WL 4825417, at *3 (N.D. Ill. July 27, 2023); *Scott v. Int'l Servs., Inc.*, No. 15-CV-8702, 2016 WL 1697779, at *4 (N.D. Ill. Apr. 28, 2016).

A *pro se* plaintiff is still required to submit a complaint that includes a "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

**DISCUSSION**

**A.** <u>**Subject-Matter Jurisdiction**</u>

Defendant's argument for dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) for Johnson's federal claims is co-extensive with its argument for dismissal for failure to state a claim under Rule 12(b)(6). (ECF Nos. 25 at 4 ("As an initial matter, the Court lacks federal question jurisdiction because the SAC falls short of alleging a Section 1983 discrimination claim or a claim under the Fair Housing Act."); *id.* at 7 ("Upon the dismissal of Plaintiff's Section 1983 claim, the Court will lack subject matter jurisdiction under 28 U.S.C. § 1331 (federal question)"); 27 at 2 ("[T]he Court lacks federal question jurisdiction because the SAC does not adequately allege a claim for racial discrimination under the FHA.")). Because, as discussed below, Johnson has stated a claim under the FHA, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Johnson's state-law claims because these state-law claims share "a common nucleus of operative facts with a federal claim properly brought before the court" in that they are "based on the same set of facts as [plaintiff's] federal claim." *Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015).

Defendant argues separately that the Court does not have subject-matter jurisdiction over Johnson's IHRA claim because Johnson failed to exhaust required administrative remedies. (ECF No. 27 at 5.)[1] "The Illinois Human Rights Act requires a complainant to exhaust administrative remedies before filing a civil lawsuit." *Jafri v. Signal Funding, LLC*, No. 22-2394, 2022 WL

---

1 The Court notes that Defendant's citations appear to be outdated given the amendment of the IHRA in 2008. *Laurie v. BeDell*, No. 16-759-DRH-RJD, 2017 WL 1076940, at *3 (S.D. Ill. Mar. 22, 2017).

17718429, at *2 (7th Cir. Dec. 15, 2022), *cert. denied*, 144 S. Ct. 87 (2023). Specifically, under the IHRA's exhaustion requirement, a complainant must file a charge with the Illinois Department of Human Rights ("IDHR") within the statutory time allowed, which was 300 days in 2023 and is two years as of January 1, 2025.[2] 775 ILCS 5/7A-102(A)(1); 775 ILCS 5/7A-102(A)(1) (effective August 20, 2021 to December 31, 2023). Once the IDHR either investigates the allegations and issues a report or fails to issue a report within 365 days, a complainant has 90 days to either proceed before the Illinois Human Rights Commission or file a civil action. 775 ILCS 5/7A-102(G).

While Johnson does not allege that she exhausted the IHRA's administrative remedies,[3] this does not implicate the Court's subject-matter jurisdiction. Even if the IHRA purported to limit subject-matter jurisdiction of the federal courts, the Seventh Circuit has made clear that "Congress, not the states, determines the jurisdictional authority of the federal courts." *Rodriguez v. Cook Cnty., Ill.*, 664 F.3d 627, 632 (7th Cir. 2011). The Seventh Circuit has also held that the jurisdictional language of the IHRA as written applies to Illinois courts, rather than federal courts. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013).

As such, the IHRA's administrative exhaustion requirements do not implicate the jurisdiction of federal courts and are properly raised as an affirmative defense. *Gawlik v. Chicago Transit Auth.*, No. 23 C 4041, 2024 WL 4132741, at *3 (N.D. Ill. Sept. 10, 2024) ("[F]ailure to exhaust administrative remedies is an affirmative defense that he need not plead around in order to state his IHRA claim."); *Vance v. Amazon.com Servs., LLC*, No. 24 C 1111, 2024 WL 3823176, at *2 (N.D. Ill. Aug. 14, 2024) (similar); *Carol B. v. Waubonsee Cmty. Coll.*, No. 23 CV 02033, 2024 WL 3069974, at *4 (N.D. Ill. June 20, 2024) (similar); *Hickman v. Bd. of Educ. of Hinsdale Twp.*, No. 1:23-CV-01102, 2023 WL 9050972, at *3 (N.D. Ill. Dec. 29, 2023) ("No one doubts that federal courts have supplemental *jurisdiction* over Human Rights Act claims that arise out of the same operative facts as analogous federal discrimination claims.") (emphasis in original); *Doe 1 v. City of Chicago*, No. 18 C 3054, 2020 WL 1166222, at *4–5 (N.D. Ill. Mar. 11, 2020) (rejecting argument at summary judgment that failure to exhaust remedies under the IHRA implicated the court's jurisdiction).[4]

As such, Defendant's motion to dismiss for lack of subject-matter jurisdiction is denied.

B.  **Federal Claims**

Defendant argues that Johnson's federal claims should be dismissed for failure to state a claim. (ECF No. 25 at 4-7). The Court denies Defendant's motion with respect to Johnson's claim under the FHA and grants Defendant's motion with respect to Johnson's claim under 42 U.S.C. §1983.

i.  **FHA**

---

2 The Court takes no position on the whether the amendment to the limitations period is retroactive.

3 Because Defendant did not move to dismiss Johnson's IHRA claim under Rule 12(b)(6), the Court need not decide whether Johnson's complaint proves the affirmative defense of failure to exhaust remedies. *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (explaining the heightened requirements of Rule 12(b)(6) with regards to affirmative defenses).

4 This Court has discussed potentially contrary authority in a recent opinion, including the reasons that the Court was not persuaded by this authority. *Vance*, 2024 WL 3823176, at *2.

The FHA provides, in relevant part, that it is unlawful:

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604 (a)-(b).

In pleading that Defendant terminated her lease shortly after she took possession, at least in part, due to her race, Johnson has adequately stated a claim under the Fair Housing Act. (ECF No. 23 at pp. 4, 7-8, 16); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom . . ., and when . . . . This is all that she needed to put in the complaint."); *see also Stumm v. Wilkie,* 796 F. App'x 292, 295 (7th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002)) ("[A] plaintiff need plead only the type of discrimination, when it occurred, and by whom."). Further, even if more factual allegations were required at this stage, Defendant concedes that one reading of Johnson's complaint is that Johnson "is alleging that FirstKey specifically told her that the lease was canceled because of her race . . . ." (ECF No. 25 at 6.) Construing Johnson's allegations liberally and taking all reasonable inferences in her favor, as is required, Johnson adequately pleads a cause of action under the Fair Housing Act.

ii. **Section 1983**

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

To the extent Johnson seeks to plead a claim under § 1983, this claim is dismissed without prejudice because Johnson has failed to allege that Defendant was acting under the color of law or was an instrumentality of the state. *Lindke v. Freed*, 601 U.S. 187, 194 (2024) ("As [§ 1983's] text makes clear, this provision protects against acts attributable to a State, not those of a private person."). Further, Johnson pleads no facts supporting "a conspiracy between private and public actors." *Tower v. Glover*, 467 U.S. 914, 920 (1984). Johnson is granted leave to amend her complaint to the extent she is able to allege facts indicating that Defendant was an instrumentality of the state, was acting under the color of state-law, or was engaged in a conspiracy with public

actors.

C. <u>State-Law Claims</u>

In addition, Defendant argues that Johnson's claims for (1) wrongful eviction under the Illinois Forcible Entry and Detainer Act, (2) abuse of process, and (3) fraud should be dismissed for failure to state a claim. (ECF No. 25 at 11-15.) The Court dismisses Johnson's wrongful-eviction and abuse-of-process claims but not her fraud claim, and will give Johnson leave to amend her complaint.

i. **Wrongful eviction**

Defendant argues that Johnson's claim under the Illinois Forcible Entry and Detainer Act should be dismissed because Johnson seeks damages rather than the restoration of possession. (*Id.* at 11-12.) The Court agrees with Defendant that such damages are not recoverable under the Act and dismisses Johnson's claim without prejudice. *Cherry v. Five Bros. Mortg. Co. Servs. & Securing, Inc.*, No. 18-cv-03326, 2019 WL 4014066, at *4 (N.D. Ill. Aug. 25, 2019) ("the [Forcible Entry and Detainer] Act does not create a cause of action for tort damages at all—only restoration of possession" (collecting cases)).

The Court dismisses this claim without prejudice for two reasons. First, to the extent Johnson seeks restoration of possession, this defect could be easily remedied by amendment of the complaint. Second, while Johnson did not argue that the Illinois common-law tort for wrongful eviction applies, she may be able to plead a cause of action under such a theory. *Miller v. Washington*, No. 11 C 1520, 2013 WL 1340590, at *9 (N.D. Ill. Mar. 30, 2013).

ii. **Abuse of Process**

In addition, Defendant argues that Johnson fails to plead a claim for abuse of process. (ECF No. 25 at 12-14.) To state a claim for abuse of process, a plaintiff must plead facts to satisfy two elements: "(1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Gao v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-4055, 2022 WL 1028926, at *6 (N.D. Ill. Apr. 4, 2022) (quotations omitted) (citing *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 757 (7th Cir. 2015)).

Assuming *arguendo* that Defendant instituted the eviction lawsuit to effectuate a goal of racial discrimination or because of its failure to obtain appropriate rental certificates, Johnson has failed to allege any facts supporting the second required element of an abuse-of-process claim. This is because "[w]hen the process is used only for its intended purpose, there can be no cause of action for abuse of process, even if the existence of an ulterior purpose or motive is shown." *Id.* at *7 (citing *Community Nat'l Bank in Monmouth v. McCrery*, 509 N.E.2d 122, 124 (1987)). Johnson pleads no fact that the filing of suit for eviction "was used to accomplish some result that is beyond the purview of the process" of an eviction. *Bozek v. Bank of Am., N.A.*, 191 N.E.3d 709, 725-26 (Ill. App. Ct. 2021). Without any allegation that the proceeding required Johnson "to do some collateral thing which [s]he could not legally be compelled to do," the Court must dismiss

Johnson's claim for abuse of process. *McCrery*, 509 N.E.2d at 124. Johnson's claim for abuse of process is dismissed without prejudice, and she is free to replead to plead facts demonstrating that the eviction action was used to reach some collateral result rather than an eviction itself.

### iii. Fraud

Next, Defendant argues that Johnson has failed to plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b). (ECF No. 25 at 14-15.) Federal Rule of Civil Procedure 9(b) requires a party that is "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake." As such, stating a claim for fraud "ordinarily requires describing the who, what, when, where, and how of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citations and quotations omitted). A complaint states a claim when it "paint[s] a sufficiently detailed picture of the alleged scheme." *Id.* Importantly, a complaint need not allege the purpose or intent of the Defendant with particularity, given that "Rule 9(b) explicitly excludes from its heightened pleading standard allegations of '[m]alice, *intent*, knowledge, and other conditions of a person's mind,' stating that they 'may be alleged generally.'" *Appvion, Inc. Ret. Sav. & Emp. Stock Ownership Plan by & through Lyon v. Buth*, 99 F.4th 928, 944 (7th Cir. 2024) (emphasis in original) (quoting Fed. R. Civ. P. 9(b)).

The allegations in Johnson's complaint adequately demonstrate the "who, what, when, where, and how" of the alleged fraud:

**Who:** Defendant First Key Homes, LLC, and its agents acting on its behalf. (ECF No. 23 at pp. 7-8, 10, 13.)

**What:** Obtaining payment from Johnson without intending to provide possession of the rental home as detailed in the signed lease. *(Id.* at p. 13.)

**When:** The lease between the Parties was signed on or around April 9, 2023, *(id.* at p. 7), Johnson paid the required security deposit within 48 hours, (*id.*), Defendant provided the access code on May 17, 2023 and cancelled the lease the same day four minutes after Johnson informed Defendant that she took possession of the home, (*id.* pp. 3, 7, 10, 13).

**Where:** Largely remotely, including the signing of the lease through Docusign, (*id.* at p.7), payment through the first Keys Rent Café portal, (*id.* p. 10), through an eviction action based on her rental home, (*id.*), through a phone call with the Customer Care Department at Defendant, (*id.*), and through contact after the move-in process was complete, *(Id.* at p. 8).

**How:** Entering into a lease that Johnson thought would provide her with uninterrupted possession of her home, (*id.* at p.7), providing possession of the home to Johnson, (*id.*), and subsequently terminating her lease without providing a refund of the money that Johnson had paid, (*id.* at p. 8-10).

As such, Johnson has adequately stated a claim for fraud with particularity, and Defendant's motion to dismiss is denied as to that claim.

## CONCLUSION

Defendant's motion [24] is granted in part and denied in part. The Court dismisses Johnson's § 1983, wrongful-eviction, and abuse-of-process claims but declines to dismiss Plaintiff's other claims. The Court grants Johnson leave to file an amended complaint within 21 days of the entry of this order to add sufficient factual allegations to remedy the dismissed claims.

Date:   1/30/2025

_____
Jorge L. Alonso
United States District Judge